UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA PETERSON; et. al,     Plaintiffs, v. KEVIN MIRANDA; et. al,     Defendants. | 2:11-cv-01919-LRH-RJJ ORDER |

Before the court is Defendants' motion to dismiss filed on January 06, 2012. Doc. #17[1]. Plaintiffs filed a response on January 23, 2012. Doc. #18. Thereafter, moving defendants filed their reply on February 02, 2012. Doc. #19.

## I.    Facts and Procedural History

On November 28, 2009, nonparty Rebecca Wamsley ("Wamsley"), a dispatcher for the Clark County School District ("CCSD") Police Department ("department"), held a holiday party at her home and invited members of the department, their family and friends. One of the attendees, defendant Kevin Miranda ("Miranda"), was the eighteen year old boyfriend of CCSD Police dispatcher defendant Tina Zuniga, who was also in attendance. Despite being underage, Miranda had access to alcoholic beverages at the event and became intoxicated. Miranda left the party, ran a

---

[1]Refers to the court's docket entry number.

red light, and crashed his parents' truck into a vehicle driven by Angela Peterson, killing her.

Plaintiffs Francis and Linda Peterson, Angela Peterson's parents, filed the underlying action against Defendants in Clark County District Court on October 20, 2011. Defendants submitted a petition for removal on November 30, 2011, and the action was assigned to this Court. Moving defendants then filed the present motion for dismissal. Doc. #17.

**II.   Legal Standard**

To survive a motion to dismiss for failure to state a claim under FRCP 12(b)(6), a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic

2

recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

Plaintiffs allege thirteen separate causes of action against defendants. In their motion, moving defendants seek to dismiss eight of the alleged claims including Plaintiffs' only federal claim in this action: violation of a Constitutional right under Title 42 U.S.C. § 1983. The court has reviewed the documents and pleadings on file in this matter and finds that Plaintiffs' have failed to adequately plead their § 1983 claim.

#### A. Constitutional Violation Under § 1983

##### 1. Individuals Acting in an Official Capacity

Section 1983 of the United States Code provides a remedy to individuals whose constitutional rights have been violated by a person acting under color of state law. *See Burke v. County of Alemeda*, 586 F.3d 725 (9th Cir. 2009). In order for an individual to bring a successful Title 42 U.S.C. § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a person acting under color of state law, and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962).

To properly plead that a person was "acting under the color of law," a plaintiff must allege that: (1) defendant's action was performed while acting, purporting, or pretending to act in the

performance of official duties; (2) defendant's pretense of acting in the performance of duties must have had the purpose and effect of influencing the behavior of others; and (3) the challenged conduct must have been related in some meaningful way either to defendant's governmental status or to the performance of his duties. *Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006).

Here, nonparty Wamsley held a holiday party at her home that was attended by, among others, CCSD employees. Plaintiffs have not sufficiently alleged that the off-duty CCSD employees were acting under color of state law by attending the private, non-sponsored party or by providing alcohol to an underage friend of an employee. A private party held by a state employee does not immediately transform into a state-sponsored event if other state employees are invited and present. Additionally, Plaintiffs have failed to adequately allege that any CCSD employee acted in a way that caused or furthered the alleged harm at issue; the car accident between Angela Peterson and Miranda. Thus, Plaintiffs' allegations are insufficient to satisfy the requirements of a Title 42 U.S.C. § 1983 claim as to the individual employees.

### 2. Municipal Liability

In order to establish municipal liability under § 1983, a plaintiff must show: (1) an employee violated the plaintiff's constitutional rights pursuant to an official policy or informal practice of the municipal entity; (2) that the violator had final policy-making authority, and thus the challenged action itself constituted an act of official governmental policy; or (3) a person with final policy-making authority ratified the unconstitutional behavior. *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). The United States Supreme Court has expressly held that a municipality is not liable merely because it employs a tortfeasor. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978).

In their complaint, Plaintiffs allege the moving defendants violated Plaintiffs' constitutional rights by instituting, allowing, and acquiescing to policies and behavior that failed to prevent and proximately led to the death of Angela Peterson. Compl., ¶ 86. A complaint must contain more than

"a formulaic recitation of the elements of a cause of action" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs have not alleged any official policy or informal practice by which Defendants violated any constitutional right. Additionally, Plaintiffs have not sufficiently alleged that the alcohol provided to underage Miranda was done according to any CCSD policy or custom. Therefore, Plaintiffs have failed to state a claim for municipal liability under § 1983. Accordingly, the court shall grant defendants' motion and dismiss Plaintiffs' § 1983 claim.

### B. Remaining State Law Claims

District courts are granted supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, exercising supplemental jurisdiction is within the discretion of the court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). For instance, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

At this time, the court declines to exercise supplemental jurisdiction over Plaintiffs' related state law claims as the court has dismissed Plaintiffs' sole federal claim. Therefore, the court shall dismiss Plaintiffs' related state law claims without prejudice.

///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Claims (#17) is GRANTED in accordance with this order. Plaintiffs' complaint is DISMISSED in its entirety.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#30) and Motion for Judgment on the Pleadings (#31) are DENIED as moot.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE