UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA PETERSON; et. al, | |
| Plaintiffs, | 2:11-cv-01919-LRH-RJJ |
| v. | |
| KEVIN MIRANDA; et. al, | ORDER |
| Defendants. | |

Before the court is plaintiffs Linda and Francis Peterson's ("the Petersons") motion for reconsideration of the court's order dismissing their complaint (Doc. #71[1]). Doc. #73.

## I. Facts and Procedural History

On November 28, 2009, Rebecca Wamsley, a dispatcher for the Clark County School District Police Department, held a holiday party at her home and invited members of the department. One of the attendees, Kevin Miranda ("Miranda"), was the eighteen year old boyfriend of CCSD Police dispatcher defendant Zuniga, also in attendance. During the party, Miranda had access to alcoholic beverages and became intoxicated. He then left the party, ran a red light, and crashed his parents' truck into a vehicle driven by Angela Peterson, the Petersons' daughter, killing her.

///

---

[1] Refers to the court's docket entry number.

On October 20, 2011, the Petersons filed the underlying action against all defendants. Doc. #1, Exhibit 1. In response, defendants filed a motion to dismiss (Doc. #17) which was granted by the court (Doc. #71). Thereafter, the Petersons filed the present motion for reconsideration. Doc. #73.

## II.   Discussion

The Petersons bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6). *See* Doc. #73. A motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(6) provides that a district court may provide a moving party for relief from a judgment or other order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

In their motion, the Petersons argue that the court erred in dismissing this action without granting leave to amend. *See* Doc. #73.

Initially, the court notes that at no time did the Petersons file a motion to amend. Rather, the Petersons requested leave to amend in a single sentence in the concluding paragraph of their opposition to the motion to dismiss. Further, the Petersons failed to provide a copy of a proposed amended complaint in compliance with LR 15-1 to allow the court to determine whether the amended complaint would survive the pleading challenges identified in the motion to dismiss. Moreover, the Petersons did not even provide a proposed amended complaint along with their motion for reconsideration. Thus, the court finds that it did not err in dismissing this action without granting leave to amend.

That being said, however, the court recognizes that the Petersons finally attached a copy of a proposed amended complaint to their reply to defendants' opposition to the motion for reconsideration.

*See* Doc. #87, Exhibit 1. The court has reviewed the proposed amended complaint and finds that it satisfies the pleading defects initially raised in the motion to dismiss and addressed in the court's order. As such, granting leave to file the amended complaint would not be futile. Accordingly, the court shall grant the motion for reconsideration and allow the Petersons to file the attached proposed amended complaint.

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (Doc. #73) is GRANTED. Plaintiffs shall have ten (10) days to file the proposed amended complaint attached as Exhibit 1 to plaintiffs' reply (Doc. #87, Exhibit 1).

IT IS FURTHER ORDERED that defendants' motion for attorney's fees (Doc. #74); defendants' motion for leave to file a sur-reply (Doc. #86); and plaintiffs' motion for a hearing (Doc. #90) are DENIED as moot.

IT IS SO ORDERED.

DATED this 16th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE