UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA PETERSON; et. al, ) | |
| ) | |
| Plaintiffs, ) | 2:11-cv-01919-LRH-NJK |
| ) | |
| v. ) | |
| ) | ORDER |
| KEVIN MIRANDA; et. al, ) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiffs Linda and Francis Peterson's ("the Petersons") objection to Magistrate Judge Nancy Koppe's ("Magistrate Judge Koppe") order denying the Petersons' motion for recusal pursuant to 28 U.S.C. §144 and §455(a)-(b) (Doc. #163[1]). Doc. #164.

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. In their objection, the Petersons contend that Magistrate Judge Koppe's order denying recusal was clearly erroneous because there is the appearance of bias in Magistrate Judge Koppe presiding over portions of this action based on her prior history with the Petersons' counsel, the law firm of Bailus, Cook & Kelesis ("BCK"). *See* Doc. #164. The court has reviewed the documents and pleadings on file in this matter and agrees with the Petersons that recusal of Magistrate Judge Koppe is warranted in this action.

---

[1] Refers to the court's docket entry number.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 145. Under section 144, a party seeking recusal must set forth in an affidavit, facts and reasons for the belief that bias or prejudice exists. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.*

Further, a motion for recusal is fact-driven and "must be guided not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). In performing this analysis, a court "must bear in mind that . . . outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be," and, in "a close case, the balance tips in favor of recusal." *Id.*

Here, the history of Magistrate Judge Koppe's interactions with the BCK law firm is long and complex. At one time, BCK was counsel for Russell Hart ("Hart"), a former next door neighbor of Magistrate Judge Koppe who was charged with assaulting and stalking Magistrate Judge Koppe and her husband. BCK was also counsel for Hart in a related civil action wherein the Koppes sought monetary damages based on multiple claims related to the alleged stalking and harassment activities. In that civil action, BCK sought to discredit the testimony of Magistrate Judge Koppe and her husband by showing that they were the aggressors and instigators of the improper conduct, not Hart. Finally, after Hart's conviction, BCK initiated several verbal and written complaints to multiple government agencies seeking an investigation into the improper conduct by both the United States' Marshall's Office and then Assistant United States Attorney Koppe in interviewing Hart while he was incarcerated in violation of his constitutional rights.

The purpose behind §455 is to avoid even the appearance of partiality and promote confidence in the judiciary. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). Thus, the possibility or appearance of prejudice in the minds of the public is of significant

1  concern for the court. Based on the record in this action, the court finds that Magistrate Judge
2  Koppe's long-standing and deeply personal involvement in the Hart matter, as well as the related
3  actions taken by BCK in questioning then AUSA Koppe's involvement in and/or possible
4  responsibility for the U.S. Marshal's interrogation of Hart at the Clark County Detention Center in
5  violation of Hart's constitutional due process rights, would cause a reasonable person with
6  knowledge of all the facts to have doubts about Magistrate Judge Koppe's impartiality in this
7  action. The issue here is not whether the Magistrate Judge is impartial, the court is confident she is.
8  Rather, the issue is whether a reasonable person would conclude that the judge's impartiality "might
9  be reasonably questioned" and, under the circumstances present here, it might.  Consequently, the
10 court shall sustain the Petersons' objection and reverse Magistrate Judge Koppe's order.

12         IT IS THEREFORE ORDERED that plaintiffs' objection (Doc. #164) is SUSTAINED.
13         IT IS FURTHER ORDERED that the magistrate judge's order denying motion for recusal
14 (Doc. #163) is REVERSED. Magistrate Judge Koppe shall be RECUSED from this action.
15         IT IS SO ORDERED.
16         DATED this 17th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE