UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LINDA PETERSON; et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:11-cv-01919-LRH-PAL |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEVIN MIRANDA; et. al, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiffs Linda and Francis Peterson's ("the Petersons") motion for partial summary judgment. Doc. #234.[1] Defendants Roberto Morales ("Morales"), Tina Zuniga ("Zuniga"), Mark Robbins ("Robbins") and Cynthia Ruelas ("Ruelas") filed an opposition (Doc. #243) which was joined by defendants Clark County School District ("CCSD"), Filiberto Arroyo ("Arroyo"), Brian Nebeker ("Nebeker"), Loren Johnson ("Johnson"), and Armando Quintanilla ("Quintanilla") (Doc. #244). The Petersons then filed a reply. Doc. #253.

**I.    Facts and Procedural History**

This action arises from the tragic death of the Petersons' daughter, Angela Peterson.

On November 28, 2009, non-party Rebecca Wamsley ("Wamsley"), a dispatcher for defendant CCSD Police Department ("department"), hosted a holiday party at her home and invited members of the department and their family.

---

[1]Refers to the court's docket entry number.

Defendant Zuniga attended the holiday party with her daughter and her daughter's eighteen (18) year old boyfriend, defendant Kevin Miranda ("Miranda"). Despite being underage, Miranda drank alcohol provided at the party. Miranda then left the party intoxicated, ran a red light, and crashed his parents' truck into a vehicle driven by Angela Peterson, killing her. Miranda subsequently pled guilty to a category B felony, and is currently serving an eighty (80) month prison sentence.

On October 20, 2011, the Petersons filed a complaint for wrongful death against all defendants. Doc. #1, Exhibit 1. On June 5, 2013, the Petersons filed a second amended complaint against defendants alleging thirteen causes of action: (1) negligence against all defendants; (2) negligence against Eric Miranda and Chary Alvarado Miranda ("Miranda's parents"); (3) violation of NRS § 41.440 against Miranda's parents; (4) violation of NRS § 41.1305 against defendants Zuniga, Ruelas, Robbins, and Morales; (5) constitutional violations under 42 U.S.C. § 1983 against CCSD and all CCSD employee defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) negligent hiring, retention, and supervision against CCSD; (9) ratification against CCSD; (10) respondeat superior against CCSD; (11) punitive damages against CCSD and all CCSD employee defendants; (12) punitive damages against Miranda; and (13) civil conspiracy against CCSD and all CCSD employee defendants. *See* Doc. #172. Thereafter, the Petersons filed the present motion for partial summary judgment regarding the conduct of CCSD employees at the holiday party. Doc. #234.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to

the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In their motion, the Petersons seek summary judgment on their first cause of action for negligence; fourth cause of action for violations of NRS § 41.1305; fifth cause of action for constitutional violations under § 1983; sixth cause of action for intentional infliction of emotional distress; and seventh cause of action for negligent infliction of emotional distress. *See* Doc. #234. The court shall address each cause of action below, beginning with the constitutional claim.

///

///

### A. Constitutional Violation Under § 1983

Section 1983 provides a remedy to individuals whose constitutional rights have been violated by a person acting under color of state law. *See Burke v. County of Alemeda*, 586 F.3d 725 (9th Cir. 2009). In order for an individual to bring a successful Title 42 U.S.C. § 1983 claim, the plaintiff must show that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962). To establish that a person was "acting under the color of law," a plaintiff must show that: (1) defendant's conduct was performed while acting, purporting to act, or pretending to act in the performance of official duties; (2) defendant's conduct must have had the purpose and effect of influencing the behavior of others; and (3) the challenged conduct must have been related in some meaningful way either to defendant's governmental status or to the performance of his duties. *Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006).

In their second amended complaint, the Petersons allege three separate claims under Section 1983: (1) constitutional violations relating to conduct by CCSD employees at the holiday party;[2] (2) constitutional violations relating to a cover-up by CCSD employees after the holiday party; and (3) a denial of access to the courts claim. *See* Doc. #172. In the present motion, the Petersons seek summary judgment solely on their claim related to conduct by department police officer defendants at the holiday party. *See* Doc. #234. Specifically, the Petersons seek summary judgment that defendants Nebeker, Morales, and Robbins violated the Petersons' constitutional rights by failing to prevent defendant Miranda from consuming alcohol at the party and then driving

---

[2] In their claim for constitutional violations arising from the holiday party, the Petersons allege that off-duty CCSD employees attending Wamsley's holiday party were acting under color of state law when they failed to stop defendant Miranda, an underage attendee of the party, from drinking and driving intoxicated which was a direct cause of their daughter's death. *See* Doc. #172.

intoxicated.³

Generally, a private, non-sponsored party held by a state employee does not immediately transform into a state-sponsored event if other state employees are invited and present. Rather, there must be some additional evidence of conduct by the off-duty CCSD employees attending the party that would constitute the performance of official duties. *See Anderson*, 451 F.3d at 1068. In their motion, the Petersons argue that the evidence in this case establishes that department police officers are obligated and required as part of their employment to prevent underage drinking and driving even while off-duty or at a holiday party.⁴ *See* Doc. #234, p.8.

However, viewing the evidence in the light most favorable to defendants as the non-moving party, the court finds that there are disputed issues of fact relating to the defendant police officers' duty which precludes summary judgment in this action. In particular, defendants Morales and Robbins both testified in their depositions that they were not even aware Miranda was drinking at the party, let alone intoxicated when he got behind the wheel of a vehicle. *See* Doc. #243, Exhibit C, Morales Depo., p.227:25-228:21; Exhibit I, Robbins Interrogatory Answers at p.3; Exhibit G, Robbins Depo., p.36:22-37:10. Further, defendant Nebeker testified in his deposition that he did not even attend the Wamsley holiday party. Doc. #228, Exhibit 8, Nebeker Depo., p.35:3-6 ("Q. When did you first hear about the Wamsley party? A. The Monday after the weekend that it occurred."). Thus, the court cannot state as a matter of law that Morales and Robbins violated the Petersons' constitutional rights by failing to prevent Miranda from driving while intoxicated when there are disputed facts as to whether or not they knew Miranda was drinking at the party. Similarly, the court cannot state as a matter of law that Nebeker violated their constitutional rights when it is disputed as

---

³ The Petersons do not seek summary judgment against the remaining individual defendants, and in fact, the court has already granted the remaining individual defendants - defendants Arroyo, Johnson, Quintanilla, Zuniga, and Ruelas - summary judgment on this claim. *See* Doc. ##264, 272.

⁴ For example, CCSD Superintendent Dwight Jones testified in his deposition that it was his expectation that, as part of their employment, CCSD police officers would respond to and prevent crimes like underage drinking that occur in their presence. *See* Doc. #217, Exhibit 23, Jones Depo., p.42:6-10.

to whether he event attended the Wamsley holiday party. Accordingly, the court shall deny the Petersons' motion as to this claim.

**B. Negligence**

To prevail on a claim for negligence, the Petersons must establish that (1) the defendants owed them a duty of care; (2) the defendants breached that duty; (3) the breach was the legal and proximate cause of an injury; and (4) damages resulting from that injury. *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996).

In their second amended complaint, the Petersons allege two separate negligence theories. The first theory is that CCSD employee defendants were negligent in providing and distributing alcohol to defendant Miranda at the party. The second is that CCSD employee defendants were negligent by failing to act in accordance with the duties of a reasonable person by preventing a drunk minor from driving a vehicle.

In the present motion, the Petersons seek summary judgment solely against defendants Zuniga, Ruelas, and Robbins as it relates to both theories. *See* Doc. #234. However, the court has already found as a matter of law that defendants Zuniga, Ruelas, and Robbins cannot be liable for negligence resulting from the distribution of alcohol. *See* Doc. #272, p.7 ("The Nevada Supreme Court has repeatedly held that there is no common law claim for negligence arising out of the distribution of alcohol. Rather, as a matter of law, the proximate cause of any damage resulting from a person who has consumed alcohol is the consumption of the alcohol itself, not its distribution. This bright line rule even applies when minors are provided alcohol.") (citations omitted). Therefore, the court shall only address the Petersons' second theory of negligence.

In Nevada, it is well established that a reasonable person owes no duty to control the dangerous conduct of another or to warn others endangered by the dangerous conduct of another. *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001). However, there is an exception to this general rule if (1) there is a special relationship between the defendant and the dangerous person; and (2) the harm created by the defendant's conduct is foreseeable. *Id.*; *see also, Sims v. General*

6

1  *Telephone & Electric*, 815 P.2d 151, 157 (Nev. 1991).

2    In their motion, the Petersons contend that defendants Zuniga, Ruelas, and Robbins had a
3  special relationship with Miranda arising from their employment with the department sufficient to
4  create a duty to protect others from Miranda's conduct. The court disagrees. First, as to defendants
5  Zuniga and Ruelas, the court has already found that as "CCSD police dispatchers, they had no
6  special relationship with Miranda as a matter of law." Doc. #272, p.8.

7    Second, as to Robbins, the court finds that there are disputed issues of fact related to his
8  knowledge of Miranda's drinking at the holiday party. Determining whether a special relationship
9  exists or not rests on the facts underlying the parties. *See e.g., Jackson v. Clements,* 194 Cal. Rprt.
10 553, 555 (Cal. Ct. App. 1983) (examining the particular facts concerning a custodial relationship
11 between police officer defendants and a tortfeasor). Here, it is undisputed that Robbins took no
12 special police action towards Miranda. He did not arrest Miranda or even hold and question him.
13 Further, he testified in his depositions that he was not even aware Miranda was drinking at the
14 party, let alone intoxicated when he got behind the wheel of a vehicle. *See* Doc. #243, Exhibit I,
15 Robbins Interrogatory Answers at p.3; Exhibit G, Robbins Depo., p.36:22-37:10. Therefore, the
16 court finds that there are disputed issues of fact as to defendant Robbins which preclude summary
17 judgment.

18    **C.  NRS § 41.1305**

19    The Petersons have also alleged a claim against defendants Zuniga, Morales, Ruelas, and
20 Robbins under NRS § 41.2305. This statute provides that, in specific and limited circumstances, an
21 individual can be held liable for any damage that results from a minor's consumption of alcohol. In
22 particular, the statute provides liability for individuals who (1) furnish alcohol to a minor; and/or (2)
23 knowingly allow a minor to consume alcohol on their property. *See* NRS § 41.1305(2). In their
24 motion, the Petersons seek summary judgment under both provisions of the statute. However, the
25 court has already granted defendants Zuniga, Morales, Ruelas, and Robbins summary judgment as
26 to the premises liability claim because it was undisputed that these defendants had no control or

authority over Wamsley's home while at the holiday party. *See* Doc. #272, p.10-11. Additionally, the court granted defendants Morales and Robbins summary judgment as to the furnishing claim because there is no evidence that either of these defendants "furnished" alcohol to Miranda at the party. *Id*. p.8. Therefore, the court shall only address the Petersons' motion as it related to the two remaining defendants, Zuniga and Ruelas.

NRS § 41.1305(2)(a) extends liability for any damages caused by a minor as a result of that minor's consumption of alcohol to any person that "[k]nowingly serves, sells or otherwise furnishes" alcohol to the minor. Yet, the plain language of NRS 41.1305(2)(a) requires more than simply being present while a minor consumes alcohol. In fact, the word furnish in the statute necessarily implies an affirmative action in providing the alcohol to a minor. *See Bennett v. Letterly*, 141 Cal. Rptr. 682 (Cal. Ct. App. 1977) ("[t]he word 'furnish' implies some type of affirmative action on the part of the furnisher; failure to protest or attempt to stop another from imbibing an alcoholic beverage does not constitute 'furnishing.'").

In their motion, the Petersons argue that there is sufficient evidence to establish that both Zuniga and Ruelas "furnished" alcohol to Miranda either by directly giving him drinks or by playing beer pong with him, causing him to drink alcohol throughout the game. However, viewing the evidence in the light most favorable to Zuniga and Ruelas, the court finds that there are disputed issues of material fact which precludes summary judgment. In particular, both Zuniga and Ruelas testified in their depositions that they did not give any alcohol to Miranda, or even see him consume alcohol at the party. *See* Doc. #243, Exhibit D, Zuniga Depo., p.81:3-5, p.130:9-23, p.160:18-19; Exhibit E, Ruelas Depo., p.82:13-83:6, p.143:8-17. Accordingly, the court shall deny the Petersons' motion as to this claim.

### D. Intentional Infliction of Emotional Distress

In the present motion, the Petersons also seek summary judgment on their claim for intentional infliction of emotional distress against all CCSD employee defendants. *See* Doc. #234. To establish a claim for intentional infliction of emotional distress, a plaintiff must show:

1  (1) extreme or outrageous conduct by defendant; and (2) that plaintiff suffered severe emotional
2  distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and
3  outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in
4  civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

   The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of fact relating to defendants' conduct that preclude summary judgment. In particular, there are disputed issues of material fact as to each individual defendant's conduct in covering-up employee activities at the holiday party and whether that conduct would constitute extreme and outrageous conduct. For example, the supervising CCSD employee defendants, defendants Nebeker, Johnson, Arroyo, and Quintanilla, all testified that they did not instigate a cover-up into employee activities nor did they hinder or prevent any police investigation into the death of Angela Peterson. *See e.g.,* Doc. #228, Exhibit 4, Quintanilla Depo., p.173:6-8; Exhibit 8, Nebeker Depo., p.140:7:15. Similarly, defendants Zuniga, Ruelas, and Robbins have also testified that they did not participate in any alleged department cover-up of employee activities.[5] *See generally*, Doc. #243, Exhibit G, Robbins Depo.; Exhibit D, Zuniga Depo.; Exhibit E, Ruelas Depo. Accordingly, the court shall deny the Petersons' motion as to this claim.

**E.  Negligent Infliction of Emotional Distress**

Finally, the Petersons seek summary judgment on their claim for negligent infliction of emotional distress against all CCSD employee defendants. A plaintiff can recover for negligent infliction of emotional distress if he/she (1) is a bystander closely related to the victim of an accident, (2) is located near the scene of the accident, and (3) suffers a shock resulting from direct emotional impact stemming from the sensory and contemporaneous observance of the accident. *See Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998).

///

---

[5] Defendant Morales has already been granted summary judgment on this claim. *See* Doc. #272.

Here, it is undisputed that the Petersons were not bystanders to the accident which killed their daughter and therefore, they fail to establish a claim for negligent infliction of emotional distress as a matter of law. *See* Doc. #272, p.12-13. Accordingly, the court shall deny the Petersons' motion as to this claim.

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment (Doc. #234) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file a memorandum in excess of thirty pages (Doc. #235); motion for extension of time to file motion for partial summary judgment (Doc. #237); and motion for excess pages (Doc. #241) are GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

DATED this 11th day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE