UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA PETERSON; *et. al*, ) | |
| ) | |
| Plaintiffs, ) | 2:11-cv-01919-LRH-PAL |
| ) | |
| v. ) | |
| ) | ORDER |
| KEVIN MIRANDA; *et. al*, ) | |
| ) | |
| Defendants. ) | |

Before the court is defendants Mark Robbins ("Robbins") and Roberto Morales' ("Morales") motion for partial reconsideration of the court's July 7, 2014 order denying in-part and granting in-part their motion for summary judgment (Doc. #272[1]). Doc. #281. Plaintiffs Linda and Francis Peterson ("the Petersons") filed an opposition (Doc. #282) to which Morales and Robbins replied (Doc. #283). The Petersons then filed a sur-reply. Doc. #292.

**I.  Facts and Procedural History**

This action arises from the tragic death of the Petersons' daughter, Angela Peterson.

On November 28, 2009, non-party Rebecca Wamsley ("Wamsley"), a dispatcher for the CCSD Police Department ("department"), hosted a holiday party at her home and invited members of the department and their families. Defendant Tina Zuniga ("Zuniga") attended the holiday party with her daughter and her daughter's eighteen (18) year old boyfriend, defendant Kevin Miranda

---

[1]Refers to the court's docket entry number.

("Miranda"). Despite being underage, Miranda drank alcohol provided at the party. Miranda then left the party intoxicated, ran a red light, and crashed his parents' truck into the vehicle driven by Angela Peterson, killing her. Miranda subsequently pled guilty to a category B felony, and is currently serving an eighty (80) month prison sentence.

On October 20, 2011, the Petersons filed a complaint for wrongful death against all defendants. Doc. #1, Exhibit 1. On June 5, 2013, the Petersons filed a second amended complaint against defendants alleging thirteen causes of action: (1) negligence against all defendants; (2) negligence against Eric Miranda and Chary Alvarado Miranda ("Miranda's parents"); (3) violation of NRS § 41.440 against Miranda's parents; (4) violation of NRS § 41.1305 against defendants Zuniga, Robbins, Morales, and Cynthia Ruelas ("Ruelas"); (5) constitutional violations under 42 U.S.C. § 1983 against CCSD and all CCSD employee defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) negligent hiring, retention, and supervision against CCSD; (9) ratification against CCSD; (10) respondent superior against CCSD; (11) punitive damages against CCSD and all CCSD employee defendants; (12) punitive damages against Miranda; and (13) civil conspiracy against CCSD and all CCSD employee defendants. *See* Doc. #172.

In response, defendants Robbins and Morales, along with defendants Zuniga and Ruelas, filed a motion for summary judgment on several of the Petersons' claims. Doc. #233. On July 7, 2014, the court granted in-part and denied in-part defendants' motion. Doc. #272. Thereafter, defendants Robbins and Morales filed the present motion for reconsideration of the court's July order. Doc. #281.

**II.     Legal Standard**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of

controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *Sch. Dist. Co. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

**III.   Discussion**

In their motion for reconsideration, Robbins and Morales argue that reconsideration of the July order is warranted because: (1) the court misapplied the legal standard for police officers acting under color of State law; (2) the court erred in finding a disputed issue of fact concerning whether there was a special relationship between them and defendant Miranda; and (3) the court failed to address whether defendants were entitled to qualified immunity on the Section 1983 claim.[2] *See* Doc. #281.

**A.   Section 1983 Claim**

Section 1983 provides a remedy to individuals whose constitutional rights have been violated by a person acting under color of state law. *See Burke v. County of Alemeda*, 586 F.3d 725 (9th Cir. 2009). In order for an individual to bring a successful Title 42 U.S.C. § 1983 claim, the plaintiff must show that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962).

In their second amended complaint, the Petersons alleged four separate claims under Section 1983: (1) constitutional violations relating to conduct by CCSD employees at the holiday

---

[2] The court notes that at no point in their initial motion for summary judgment did Robbins and Morales raise the issue of qualified immunity to this court. A motion for reconsideration is not an appropriate avenue to raise new arguments not properly raised in the underlying motion. *See* FED. R. CIV. P. 59(e). Further, Robbins and Morales have recently filed a new motion for summary judgment solely on the grounds of qualified immunity. *See* Doc. #267. Therefore, the court shall not consider this argument at this time.

3

party; (2) constitutional violations relating to a cover-up by CCSD employees after the holiday party; (3) a denial of access to the courts claim; and (4) liability against CCSD under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 691 (1978). *See* Doc. #172.

In the court's July order, the court granted judgment in favor of defendants Zuniga and Ruelas as to the Petersons' Section 1983 claim relating to conduct at the holiday party, but denied judgment to defendants Robbins and Morales finding that there were disputed issues of fact concerning the duties of school district police officers which precluded summary judgment. Doc. #272. In particular the court found that Robbins and Morales were not entitled to summary judgment because defendants, police officers with the department, "failed to act or attempt to stop the underage drinking." Doc. #254, p. 5. The court further found that "the Petersons have proffered sufficient evidence to raise a disputed issue of material fact that CCSD police officers have an obligation arising from their employment, even while off-duty, to respond to criminal activity - including, and especially, underage drinking." *Id*.

In their motion for reconsideration, Robbins and Morales now argue that the court erred in allowing the claim to survive summary judgment because they did not engage in any conduct at the party to support a finding they acted under color of State law. *See* Doc. #281.

Generally, to establish that a person was "acting under the color of law," a plaintiff must show that: (1) defendant's conduct was performed while acting, purporting to act, or pretending to act in the performance of official duties; (2) defendant's conduct must have had the purpose and effect of influencing the behavior of others; and (3) the challenged conduct must have been related in some meaningful way either to defendant's governmental status or to the performance of his duties. *Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006); *see also West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). However, there is a more limited theory of Section 1983 liability where a State or state official affirmatively places a

4

person in a dangerous situation. *See Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054 (9th Cir. 1998). To establish a claim under Section 1983 for a state-created danger, a plaintiff "must show that the state official participated in creating a dangerous situation, and acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it." *Id*. at 1059. This standard requires a plaintiff to demonstrate that the state official was more than just grossly negligent in their actions. *Id*. (citing *L.W. v. Grubbs*, 92 F.3d 894, 899-900 (9th Cir. 1996)).

   Here, reviewing the evidence submitted in support of summary judgment and the briefing on this issue in the motion for reconsideration, the court finds that it erred in denying defendants Robbins and Morales summary judgment on this claim. The court has reviewed the documents and pleadings on file in this matter and finds that regardless of whether Robbins and Morales had a duty rising from their employment to prevent Miranda from driving while intoxicated, an issue disputed between the parties, there is no evidence that either defendant acted under of color of State law while at the holiday party. First, it is undisputed that Robbins and Morales attended the holiday party in plain clothes during off-duty hours and never identified themselves as police officers to defendant Miranda. Second, there is no evidence that either Robbins or Miranda acted pursuant to any employment duties during the holiday party. In fact, the evidence in this matter establishes that both Robbins and Morales did not take any action to prevent Miranda from driving while intoxicated. The failure of a police officer to act in accordance with his duties is not actionable under Section 1983. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (holding that there is no affirmative right to governmental aid, "even when such aid may be necessary to secure life, liberty, or property interests."); *Pitchell v. Callan*, 13 F.3d 545, 546 (2d Cir. 1994) (holding that a police officer's "failure to protect an individual against private violence does not constitute a violation of the Due Process clause.").

   Finally, the Petersons have failed to proffer any evidence that Robbins and Morales' failure to act at the party was intentional, or at the very least more than grossly negligent. *See Huffman*, 147 F.3d at 1059 (holding that to be liable for creating a dangerous situation an officer's actions must be

5

more than grossly negligent). Similarly, the Petersons have failed to proffer any evidence that Robbins and Morales created a dangerous situation by taking any affirmative action. Thus, the court finds that Robbins and Morales' failure to prevent Miranda from drinking underage and driving while intoxicated does not constitute an action under color of law. Therefore, the court finds that reconsideration of the court's July order on this issue is warranted and the court shall grant defendants Robbins and Morales summary judgment on this claim.

### B. Negligence

To prevail on a claim for negligence, the Petersons must establish that (1) the defendants owed them a duty of care; (2) the defendants breached that duty; (3) the breach was the legal and proximate cause of an injury; and (4) damages resulting from that injury. *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996).

In their second amended complaint, the Petersons' alleged that defendants Robbins and Morales were negligent for failing to act in accordance with the duties of a reasonable police officer by preventing an intoxicated minor from driving a vehicle. *See* Doc. #172.

In the July order, the court found that defendants Robbins and Morales were not entitled to summary judgment on this claim because there were disputed issues of fact relating to their employment duties which precluded summary judgment. In particular, the court found that "there could be a special relationship between defendants Morales and Robbins and defendant Miranda as a result of their employment that would create a duty by these defendants to prevent Miranda's dangerous conduct of driving under the influence." *Id*.

In their motion, defendants Robbins and Morales argue that the court erred in finding that there was sufficient evidence to support a finding that they had a special relationship with Miranda based on their employment sufficient to create a duty to control his dangerous conduct. *See* Doc. #281. The court has reviewed the record in this case, and agrees.

Generally, in Nevada, it is well established that a reasonable person owes no duty to control the dangerous conduct of another or to warn others endangered by the dangerous conduct of

another. *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001). However, there is an exception to this general rule if (1) there is a special relationship between the defendant and the dangerous person; and (2) the harm created by the defendant's conduct is foreseeable. *Id.*; *see also, Sims v. General Telephone & Electric*, 815 P.2d 151, 157 (Nev. 1991).The existence of a special relationship is premised on the notion that "the ability of one of the parties to provide for his own protection has been limited in some way by his submission to the control of another." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 245 (Nev. 2011).

      Here, the court finds that there is no evidence that Miranda was ever in the custody of either defendant Robbins or Morales. In fact, it is undisputed that neither Robbins nor Morales identified themselves as police officers to Miranda at any time during the holiday party. Nor is there any evidence that Miranda submitted control over his decisions, including his decisions to drink alcohol at the party and drive while intoxicated, to defendants. Further, it is undisputed that Robbins and Morales took no action to prevent or control Miranda's behavior. Absent an exercise of control by defendants, there can be no special relationship as a matter of law. *Alpha Tau Omega Fraternity, Inc.*, 255 P.3d at 245. As such, the court finds that Robbins and Morales had no duty to control Miranda's dangerous behavior. Therefore, the court finds that reconsideration of the court's July order on this issue is warranted and the court shall grant Robbins and Morales summary judgment on this claim.

      IT IS THEREFORE ORDERED that defendants' motion for reconsideration of the court's July 7, 2014 order (Doc. #281) is GRANTED in accordance with this order.

      IT IS FURTHER ORDERED that summary judgment is entered in favor of defendants Mark Robbins and Roberto Morales and against plaintiffs Linda and Francis Peterson on plaintiffs' fifth cause of action for constitutional violations under 42 U.S.C. § 1983 as it relates to conduct that occurred during the holiday party.

///

IT IS FURTHER ORDERED that summary judgment is entered in favor of defendants Mark Robbins and Roberto Morales and against plaintiffs Linda and Francis Peterson on plaintiffs' first cause of action for negligence as it relates to the failure to control the dangerous conduct of another.

IT IS FURTHER ORDERED that defendants' motion for a hearing (Doc. #288) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of December, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE