UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LINDA PETERSON; et. al,

    Plaintiffs,

v.

KEVIN MIRANDA; et. al,

    Defendants.

2:11-cv-01919-LRH-PAL

ORDER

Before the court is defendants the Clark County School District ("CCSD"), Filiberto Arroyo ("Arroyo"), Brian Nebeker ("Nebeker"), Loren Johnson ("Johnson"), and Armando Quintanilla's ("Quintanilla") (collectively "CCSD defendants") motion for summary judgment based on qualified immunity. Doc. #267.[1] Plaintiffs Linda and Francis Peterson ("the Petersons") filed an opposition (Doc. #269) to which moving defendants replied (Doc. #270).

Also before the court is defendants Roberto Morales ("Morales"), Tina Zuniga ("Zuniga"), Mark Robbins ("Robbins") and Cynthia Ruelas ("Ruelas") (collectively "individual defendants") joinder to the CCSD defendants' motion for summary judgment based on qualified immunity. Doc. #268.

///

---

[1] Refers to the court's docket entry number.

**I.     Facts and Procedural History**

This action arises from the tragic death of the Petersons' daughter, Angela Peterson.

On November 28, 2009, non-party Rebecca Wamsley ("Wamsley"), a dispatcher for the CCSD Police Department ("department"), hosted a holiday party at her home and invited members of the department and their families. Defendant Tina Zuniga ("Zuniga") attended the holiday party with her daughter and her daughter's eighteen (18) year old boyfriend, defendant Kevin Miranda ("Miranda"). Despite being underage, Miranda drank alcohol provided at the party. Miranda then left the party intoxicated, ran a red light, and crashed his parents' truck into the vehicle driven by Angela Peterson, killing her. Miranda subsequently pled guilty to a category B felony, and is currently serving an eighty (80) month prison sentence.

On October 20, 2011, the Petersons filed a complaint for wrongful death against all defendants. Doc. #1, Exhibit 1. On June 5, 2013, the Petersons filed a second amended complaint against defendants alleging thirteen causes of action: (1) negligence against all defendants; (2) negligence against Eric Miranda and Chary Alvarado Miranda ("Miranda's parents"); (3) violation of NRS § 41.440 against Miranda's parents; (4) violation of NRS § 41.1305 against defendants Zuniga, Cynthia Ruelas, Mark W. Robbins, and Roberto Morales; (5) constitutional violations under 42 U.S.C. § 1983 against CCSD and all CCSD employee defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) negligent hiring, retention, and supervision against CCSD; (9) ratification against CCSD; (10) respondent superior against CCSD; (11) punitive damages against CCSD and all CCSD employee defendants; (12) punitive damages against Miranda; and (13) civil conspiracy against CCSD and all CCSD employee defendants. *See* Doc. #172.

In response, CCSD defendants filed a motion for summary judgment on several of the Petersons' claims. Doc. #202. On January 10, 2014, the court granted in-part and denied in-part the CCSD defendants' motion. Doc. #254. At the same time, the individual defendants filed a motion

2

for summary judgment on several of the Petersons' claims. Doc. #233. On July 7, 2014, the court granted in-part and denied in-part the individual defendants' motion. Doc. #272. Thereafter, CCSD defendants filed the present motion for summary judgment based on qualified immunity to which the individual defendants joined. Doc. ##267, 268.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence

3

in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

In their second amended complaint, the Petersons alleged three separate claims under 42 U.S.C. § 1983: (1) constitutional violations relating to conduct at the holiday party; (2) constitutional violations relating to a cover-up after the holiday party; and (3) a denial of access to the courts claim. *See* Doc. #172. Additionally, the Petersons alleged a municipal liability claim against defendant CCSD pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In the court's prior orders, the court granted defendants summary judgment on the Petersons' Section 1983 claim relating to conduct at the holiday party and Section 1983 denial of access to the courts claim. *See* Doc. ##254, 272. Defendants now seek qualified immunity as to the Petersons' remaining Section 1983 claim for constitutional violations relating to a cover-up after the holiday party. *See* Doc. #267.

It is well established that "[g]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In contrast to a standard motion for summary judgment, which places the burden on the moving party to point out the lack of any genuine issue of material fact for trial, a motion based on a claim for qualified immunity poses the burden on the plaintiff to show "both that a constitutional violation occurred and that the constitutional right was clearly established at the time of the alleged violation." *Green v. Post*, 574 f.3d 1294, 1300 (10th Cir. 2009).

In their motion, moving defendants argue that the Petersons have failed to identify any actionable constitutional violation for any individual defendants' conduct after the holiday party except for a denial of access to the courts claim which has already been dismissed by the court. *See* Doc. #267. The court agrees. Although the Petersons alleged a generic substantial due process claim

4

in their second amended complaint separate from their denial of access to the courts claim they have failed to proffer any evidence to support such a separate claim outside the auspices of a denial of access to the courts claim. For example, the Petersons have proffered evidence that defendants engaged in a code of silence after the holiday party which deprived them of evidence relevant to the individual defendants' conduct at the holiday party. Further, the Petersons have established that certain defendants destroyed evidence about the holiday party that was housed at the department. However, the destruction of evidence, itself, is not a constitutional violation. *See LaBarbera v. Angel*, 95 F. Supp. 2d 656, 667 (E.D. Tex. 2000) (holding that acts which hinder or conceal evidence, while improper, do not amount to constitutional violations). Moreover, the Petersons' allegations of defendants engaging in a "code of silence" are insufficient to state a substantive due process claim. *See Lynch v. Barrett*, 703 F.3d 1153, 1161 (10th Cir. 2012) (holding that a claim of a "conspiracy of silence" exists solely within a denial of access to the courts claim). Thus, the Petersons' allegations and proffered evidence is more accurately characterized as another denial of access to the courts claim rather than a substantive due process claim. *LaBarbera*, 95 F. Supp. 2d at 666 (holding that plaintiffs cannot assert a substantive due process claim when the basis for that claim is a denial of access to the courts claim).

The court has already dismissed the Petersons' denial of access to the courts claim as a matter of law. *See* Doc. #254. In the court's prior order addressing the CCSD defendants' first motion for summary judgment, the court found that "a claim for denial of meaningful access to the court exists where a defendant engages in conduct which effectively covers-up evidence and renders any state court remedies ineffective. However, to state a claim for denial of access to the court . . . a plaintiff 'must demonstrate that the defendants' cover-up violated [his] right of access to the courts by rendering any available state court remedy ineffective.'" Doc. #254 (internal citations omitted). Because the Petersons "failed to establish that their other claims and remedies are, or will be, ineffective as they have pending wrongful death claims against Miranda, Miranda's parents, and those individuals who allegedly gave alcohol to Miranda at the holiday party" the court dismissed

5

the denial of access to the courts claim as a matter of law. *Id*. The court's finding applies with equal force to the present denial of access claim. Therefore, because the only constitutional right supported by the Petersons' evidence is within the context of a denial of access to the courts claim the court shall grant moving defendants' motion for summary judgment as to the Petersons' remaining Section 1983 claim.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #267) is GRANTED.

IT IS FURTHER ORDERED that summary judgment is entered in favor of defendants Filiberto Arroyo, Brian Nebecker, Loren Johnson, Armando Quintanilla, Tina Zuniga, Mark Robbins, and Cynthia Ruelas and against plaintiffs Linda and Francis Peterson on plaintiffs' fifth cause of action for constitutional violations under 42 U.S.C. § 1983 as it relates to conduct that occurred after the holiday party.

IT IS FURTHER ORDERED that summary judgment is entered in favor of defendant the Clark County School District and against plaintiffs Linda and Francis Peterson on plaintiffs' claim for municipal liability pursuant to *Monell v. Department of Social Services*.

IT IS SO ORDERED.

DATED this 27th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE