UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA PETERSON; *et. al*, | )<br>) |
| Plaintiffs, | ) 2:11-cv-01919-LRH-PAL<br>) |
| v. | )<br>) ORDER |
| KEVIN MIRANDA; *et. al*, | )<br>) |
| Defendants. | )<br>) |

Before the court is defendants the Clark County School District ("CCSD"), Filiberto Arroyo ("Arroyo"), Brian Nebeker ("Nebeker"), Loren Johnson ("Johnson"), and Armando Quintanilla's ("Quintanilla") (collectively "CCSD defendants") motion to bifurcate trial. Doc. #294.[1] Plaintiffs Linda and Francis Peterson ("the Petersons") filed an opposition (Doc. #295) which was joined by defendant Kevin Miranda (Doc. #296). Defendants then filed a reply. Doc. #297.

I.  **Facts and Procedural History**[2]

This action arises from the tragic death of the Petersons' daughter, Angela Peterson.

On November 28, 2009, non-party Rebecca Wamsley ("Wamsley"), a dispatcher for the CCSD Police Department ("department"), hosted a holiday party at her home and invited members

---

[1] Refers to the court's docket entry number.

[2] This action has an extensive factual and procedural history. For a more complete history of this action, see the court's various orders on summary judgment. Doc. ## 272, 278, 289, 293, 298.

of the department and their families. Defendant Tina Zuniga ("Zuniga") attended the holiday party with her daughter and her daughter's eighteen (18) year old boyfriend, defendant Kevin Miranda ("Miranda"). Despite being underage, Miranda drank alcohol provided at the party. Miranda then left the party intoxicated, ran a red light, and crashed his parents' truck into the vehicle driven by Angela Peterson, killing her. Miranda subsequently pled guilty to a category B felony, and is currently serving an eighty (80) month prison sentence.

On October 20, 2011, the Petersons filed a complaint for wrongful death against all defendants. Doc. #1, Exhibit 1. On June 5, 2013, the Petersons filed a second amended complaint against defendants alleging thirteen causes of action: (1) negligence against all defendants; (2) negligence against Eric Miranda and Chary Alvarado Miranda ("Miranda's parents"); (3) violation of NRS § 41.440 against Miranda's parents; (4) violation of NRS § 41.1305 against defendants Zuniga, Cynthia Ruelas, Mark W. Robbins, and Roberto Morales; (5) constitutional violations under 42 U.S.C. § 1983 against CCSD and all CCSD employee defendants; (6) intentional infliction of emotional distress against all defendants; (7) negligent infliction of emotional distress against all defendants; (8) negligent hiring, retention, and supervision against CCSD; (9) ratification against CCSD; (10) respondent superior against CCSD; (11) punitive damages against CCSD and all CCSD employee defendants; (12) punitive damages against Miranda; and (13) civil conspiracy against CCSD and all CCSD employee defendants. *See* Doc. #172.

After a series of motions for summary judgment and motion for reconsideration, CCSD defendants filed the present motion to bifurcate trial. Doc. #294.

**II.    Discussion**

In their motion, CCSD defendants seek to bifurcate the upcoming trial into two separate parts: a jury trial on all claims arising after the death of Angela Peterson followed by a separate jury trial on all claims arising from the Wamsley holiday party. *See* Doc. #294.

///

1  Under Rule 42 of the Federal Rules of Civil Procedure, the court may bifurcate a trial for the convenience of the court and the parties, to avoid prejudice, and to expedite and economize the trial process. FED. R. CIV. P. 42(b). Under Rule 42(b), a district court has broad discretion to bifurcate as part of its trial management. *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212 (Fed. Cir. 1987).

Here, the court finds that bifurcating the jury trial is not warranted. First, the court finds that bifurcation will not expedite nor economize the trial. In fact, bifurcation in this action creates a situation in which two defendants, defendants Tina Zuniga and Cynthia Ruelas, would be required to participate in two separate trials arising from the death of Angela Peterson. Further, the court finds that the facts of the holiday party and the actions of CCSD defendants after the holiday party are inextricably intertwined. This factual overlap would require the duplication of large portions of evidence, including witness testimony. Moreover, bifurcation would prevent plaintiffs from presenting their entire case to a single jury at one time and would instead force them to unnaturally dissect their claims against various defendants and try this matter piecemeal. Finally, CCSD defendants have failed to establish any actual prejudice that would result from a unified trial. Therefore, the court shall deny CCSD defendants' motion for bifurcation.

IT IS THEREFORE ORDERED that defendants' motion to bifurcate trial (Doc. #294) is DENIED.

IT IS FURTHERED ORDERED that the parties shall file a joint proposed pre-trial order within thirty (30) days of entry of this order.

IT IS SO ORDERED.

DATED this 15th day of May, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE