UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA PETERSON, et al.<br><br>　　　　　Plaintiffs,<br>　v.<br>KEVIN MIRANDA, et al.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-01919-LRH-PAL<br><br>ORDER<br><br>(Mot for Status Check – ECF No. 356)<br>(Rqst for Oral Argument – ECF No. 357) |

　　　Before the court is Plaintiff's Motion for Status Check (ECF No. 356) and Request for Oral Argument (ECF No. 357) which requests oral argument on the request for status check.

　　　On June 27, 2016, the district judge entered an Order (ECF No. 355) approving the parties' stipulation and order for dismissal with prejudice. The stipulation terminated and closed this case. The motion for status check states that this case has been settled as to all defendants except for defendant Mark Robbins who executed a settlement agreement and agreed to allow the undersigned to fill in the periodic settlement contribution amount and payment period portions of the agreement. However, Robbins did not provide the financial information required to allow the court to determine an appropriate settlement contribution. The request for status check points out that the other two defendants who entered into the same settlement agreement submitted financial affidavits, and the court filled in the blanks as the parties agreed. However, Robbins did not respond to counsel for plaintiff's request to provide the required financial condition information. Counsel for plaintiff therefore requests that the court fill in the blanks of the settlement agreement without consideration of Mr. Robbins' financial condition and require settlement contributions for a period not less than 120 months in an amount the court deems fit.

　　　The Request for Oral Argument (ECF No. 357) merely states that the motion for a status check was filed September 26, 2016, and oral argument is requested "to hear this matter."

1

1  The undersigned conducted a settlement conference in this case on October 21, 2015. Various proposals were exchanged and an offer was made and left open for the defendants to consider. The court conducted multiple follow up telephonic status conferences on November 12, 13, and 30, 2015. At the November 30, 2015 status conference, the parties advised that, although they had continued to discuss settlement, they were at an impasse. At that time, plaintiffs were unwilling to settle with less than all of the remaining defendants, and the case was set for trial on March 8, 2016.

The district judge conducted a telephonic calendar call on February 25, 2016. The minutes of this proceeding indicate that the parties told Judge Hicks they were still negotiating a settlement, but needed additional time to discuss the terms. As a result, the district judge continued the calendar call until Monday, February 29, 2016. *See* Minutes of Proceeding (ECF No. 340).

At the February 29, 2016 continued telephonic calendar call, the parties advised Judge Hicks that defendants Ruelas, Robbins and Miranda had agreed to accept settlement terms as outlined in the calendar call status memo. Counsel for plaintiffs, Mr. Cook, requested that he be allowed to contact the undersigned's chambers with regard to completion of the payment amounts as outlined in the calendar call status memo.

Plaintiff's counsel sent the undersigned a letter March 2, 2016, enclosing the agreements executed by Ruelas, Robbins and Zuniga, and financial affidavits executed by Ruelas and Zuniga. A financial affidavit was not received from Robbins, and the court has not received one to date. The court reviewed the executed settlement agreements that were hand-delivered to chambers, and found that the most significant portion of the agreements, page 2 of 5 outlining the consideration for the settlement, had not been provided. Chambers staff therefore contacted counsel for plaintiff who then provided the court with the missing pages of the settlement agreements. The court did not receive a response from any other counsel or from Mr. Robbins to Mr. Cook's March 2, 2016 letter which was copied to them.

After receiving and reviewing the materials forwarded to chambers the court sent a letter to counsel for the settling parties and Mr. Robbins memorializing what had occurred. (A copy of this letter is attached as Exhibit # to plaintiffs' request for a status check.) The court reviewed the

settlement agreement signed by defendants Ruelas, Zuniga, and Robbins, and the financial affidavits submitted by Ruelas and Zuniga. Pursuant to the parties' agreements that the court fill in the amount of the payments, the duration of the payments, and when the payments were to begin, the court reviewed the affidavits, inserted the settlement contributions deemed reasonable based on the financial condition of Zuniga and Ruelas, and gave them sufficient time to execute the required confession of judgment securing their settlement contributions, and make arrangements to begin payments beginning on July 1, 2016, and continuing once a month until June 1, 2022, a period of six years.

The court's letter which was copied to all parties and the district judge gave counsel until June 24, 2016, to file the stipulation to dismiss as to defendants Zuniga and Ruelas. The court also gave counsel for plaintiff and Mr. Robbins until June 24, 2016, to file a joint status report indicating how they proposed to resolve this case given Mr. Robbins' failure to submit the financial affidavit needed to accomplish the signed settlement agreement.

A joint status report was not filed as directed. Rather, three months later, counsel for plaintiffs filed a request for a status check which asserts, among other things, that the undersigned has authority to fill in the payment amount for Mr. Robbins' settlement contributions notwithstanding his failure to provide the required financial status information to the court. Mr. Robbins, who is pro se, has not responded to the court's June 6, 2016 letter, plaintiff's request for a status check, or the motion requesting a hearing on the request for a status check.

Plaintiffs request a status check "to determine whether any other action need be taken before Robbins' damage payments are entered by this Court." The motion for a status check, and motion for oral argument is not supported by a memorandum of points and authorities or any legal authority supporting the request that the court to fill in the blanks on the settlement agreement executed by counsel for plaintiffs and Robbins. To the extent plaintiffs are requesting a status hearing "to determine whether any other action need be taken before Robbins' payments are entered by this Court" the court may not, of course, give legal advice or practice pointer to litigants about how they should proceed. This is especially true where, as her, the parties' settlement agreements are not a model of clarity.

3

The settlement agreement in this case contains a number of recitals. Paragraph 1.01 makes it clear that the settlement agreement between Robbins and the plaintiffs "is only between Robbins and the Petersons for purposes of settling any and all claims related to the Lawsuit" . . . and that the "remaining defendants . . . are not parties to this Agreement, and this Agreement has no bearing on the Plaintiffs' ability to pursue the Lawsuit against the Non-Settling Defendants." Paragraph 1.03 contains a provision that "this settlement is reached based on the truthful representations of the financial statements provided by Robbins to Petersons' counsel in November 2015." However, it does not appear any such financial information was actually provided. Paragraph 1.03 reserves the right for the Petersons to repudiate the financial aspect of the agreement and prove up damages if there are misrepresentations by Robbins about his financial condition. The settlement agreement itself incorporates the recitals and defines them as of terms of the agreement.

The consideration section of the agreement, Paragraph 2.02 is left blank to "be filled in by Magistrate Judge Leen." Robbins also agreed to execute a confession of judgment for the amount the court deemed appropriate based on his financial condition. *Id.* The parties agreed to a stipulation to dismiss the lawsuit upon execution of the confession of judgment and an affidavit attached as Exhibit 1 to the agreement. Robbins executed the affidavit attached as Exhibit 2 to the agreement. In it, he admitted "that at Trial the Petersons will be able to demonstrate through admissible evidence, facts that are consistent with those described in Exhibit 'A' to the Joint Pre Trial Memo." The proposed form of confession of judgment was supposed to be attached as Exhibit 1 and incorporated by reference to the agreement. Exhibit 1 was not attached to the copy provided by the court.

Paragraph 2.04 provides for broad mutual releases of all claims related to the lawsuit. However, it expressly provides the "[r]elease will become effective upon the fully executed Affidavit and Confession of Judgment." As indicated, the affidavit has been executed, but the confession of judgment has not.

Paragraph 2.10 contains a jurisdiction and governing law provision. It provides that the agreement "shall be governed by and construed in accordance with the laws of the State of Nevada," and that "venue for any subsequent legal proceedings involving disputes arising out of

4

this Agreement shall lie in the courts of Clark County, Nevada." However, the last provision of the agreement, Paragraph 2.06, contains an arbitration clause in which the parties agree "to use a mutually agreed upon arbitrator at PrivateTrials.com or a similar arbitration/mediation company for purposes of addressing any and all disputes related to his agreement or performance thereon." The arbitration clause expressly provides that the parties agree to arbitrate "any alleged breach of this Agreement, determination as to the validity of the filed Confession Judgment [sic], any dispute as to whether there was a material misrepresentation of the financial documents, and if so, any hearing regarding the prove up of damages."

The parties' signed settlement agreement contains arguably conflicting terms and conditions, not the least of which is whether venue for any legal proceeding involving disputes arising out of the settlement agreement "shall lie in the courts of Clark County, Nevada" in accordance with Paragraph 2.10, or, should be arbitrated in accordance with the provisions of Paragraph 2.16. The court will therefore deny the request for a status conference "to determine whether any other action need be taken before Robbins' damage payments are entered by this Court", and request for oral argument. Plaintiffs may, of course, file any motion, supported by a memorandum of points and authorities requesting any specific relief counsel for plaintiffs believe the court has jurisdiction to address.

**IT IS ORDERED** that:

1. Plaintiff's Motion for Status Check (ECF No. 356) is **DENIED**.
2. Plaintiff's Request for a Hearing on the Motion for Status Check (ECF No. 357) is **DENIED.**

Dated this 7th day of April, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE